**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ROXANNA MCCORMICK,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-00315-O-BP** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion for Summary Judgment, Brief, and Appendix that Defendant State Farm Lloyds ("State Farm") filed on October 17, 2025 (ECF Nos. 18-20), Response and Appendix that *pro se* Plaintiff Roxanna McCormick ("McCormick") filed on November 7 and 17, 2025, respectively, (ECF Nos. 22, 27), and Reply that State Farm filed on November 21, 2025 (ECF No. 30). After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **GRANT** in part State Farm's Motion for Summary Judgment (ECF No. 18) and dismiss McCormick's claims under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA") and Chapter 542 of the Texas Insurance Code.

## I.    BACKGROUND

This case concerns property damage that a storm caused in August 2022. According to McCormick, the storm damaged the roof of her home, causing a portion of the ceiling to collapse and water damage to the bathroom, kitchen, and dining area. ECF No. 9 at 2. Afterward, she filed a claim on her homeowners insurance policy with State Farm. As a part of its claim investigation, State Farm sent Servpro, a third-party contractor, to McCormick's home to survey and photograph

1

the damage. Servpro's representative performed his task but left without installing a tarp over McCormick's roof or otherwise sealing the hole, explaining that he would require further approval from State Farm before he could take additional action.

For approximately two months, McCormick contacted both Servpro and State Farm and received conflicting answers about the nature of the delay. All the while, further rains apparently caused further damage. *Id.* at 3. On November 12, 2022, Servpro finally tarped McCormick's roof. Six days later, it returned to install indoor dehumidifiers and conduct a further inspection. On November 27, State Farm informed McCormick that it required at least one more inspection, which took place on December 12. After then, McCormick claims that contact with State Farm virtually ceased. *Id.* at 4. Its representatives, when reachable by telephone, only told McCormick that her claim was under review. *Id.*

Some weeks later, Servpro representatives returned to the home, but when they arrived, they only removed the dehumidifiers. They said that State Farm had not responded to any of their queries regarding which roof repairs, if any, State Farm would authorize. *Id.* On January 30, 2023, McCormick filed a complaint with the Texas Department of Insurance. The next day, State Farm contacted McCormick by phone. She contends that a State Farm representative informed her that State Farm would be denying her claim, but no denial letter followed. *Id.* In contrast, State Farm asserts that it communicated its decision to McCormick in writing on January 31, 2023, and contacted McCormick by phone on January 24. *See* ECF No. 20-4 at 1.

In January 2025, McCormick sued State Farm in the 96th Judicial District Court of Tarrant County, Texas. ECF No. 1. On March 20, 2025, State Farm removed the case to this Court. *Id.* In her Amended Complaint, McCormick brings two claims for violations of the DTPA due to

violations of Chapter 541 of the Texas Insurance Code, a claim for violation of Chapter 542 of the Texas Insurance Code, and a breach of contract claim. ECF No. 9 at 4-6.

State Farm moves for summary judgment arguing McCormick provides no evidence of causation or damage and that she does not meet her burden to show that her policy covers her claim. ECF No. 19 at 5-6. It also argues that the Court should dismiss her extra-contractual claims because there is a bona fide dispute regarding coverage, and McCormick does not provide evidence of an independent injury. *Id.* at 7.

McCormick responds that a genuine issue of material fact exists regarding the cause of loss. ECF No. 22 at 7. She also contends she provided competent evidence of damages, and she attaches in her response several estimates of the cost to repair her damaged home. *See* ECF No. 22-1. McCormick argues that she has sufficiently provided evidence to show the damage to her roof resulted from water intrusion that the storm caused, rather than deterioration, sufficient to create a material fact issue. ECF No. 22 at 6.

## II.   LEGAL STANDARD

### A.   Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Slaughter v. S. Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue is 'material' if it involves a fact that might affect the outcome of the suit under the governing law." *Burgos v. Sw. Bell Tel. Co.*, 20 F.3d 633, 635 (5th Cir. 1994).

"The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986)). "To satisfy this burden, . . . if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, [the movant may] demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense." *Duplantis v. Shell Offshore, Inc.*, 984 F.2d 187, 190 (5th Cir. 1991).

When a movant carries her initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment would be improper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Merely colorable evidence, evidence not significantly probative, and a mere scintilla of evidence will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249-50, 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

The Court must view summary judgment evidence in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, the Court resolves factual controversies in favor of the nonmovant but only when both parties offer evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the Court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). Such evidence need not be in admissible form but must be capable of being "presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). A party adverse to a motion for summary judgment "may not rest upon the mere allegations or denials of [her] pleading." *Duplantis*, 849 F.2d at 190. Instead, a response "by affidavits or as otherwise provided in [Rule 56(c)], must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 190-91.

Overall, the Court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 242-43. The movant's motion for summary judgment will be granted only if it meets its burden and the nonmovant fails to make the requisite showing that a genuine issue exists as to any material fact. Fed. R. Civ. P. 56; *Duckett*, 950 F.2d at 276.

### B. *Pro se* Standard

The Court subjects a *pro se* party's pleadings to less rigid analysis than those of a party represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976). However, "conclusory allegations or legal conclusions masquerading as factual

conclusions will not suffice to state a claim for relief." *Masika Brown Ray v. Anthony Boone*, No. 24-40169, 2024 WL 4372692, *1 (5th Cir. 2024) (citing *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017)).

### III.   ANALYSIS

#### A.   State Farm is entitled to summary judgment on McCormick's DTPA claim.

The DTPA was enacted "to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection." Tex. Bus. & Com. Code § 17.44. "There are three elements to a DTPA claim: '(1) the plaintiff is a consumer; (2) the defendant engaged in false, misleading, or deceptive acts; and (3) these acts constituted a producing cause of the consumer's damages.'" *In re Frazin*, 732 F.3d 313, 323 (5th Cir. 2013) (citing *Hugh Symons Grp., plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002)). Plaintiffs must not "merely list portions of the DTPA that they claim Defendants violated." *Martinez v. Capital One*, No. cv H-22-2767, 2022 WL 17085938, at *7 (S.D. Tex. Nov. 18, 2022). Instead, they must "plead [] DTPA claims with [] particularity." *Id.*

McCormick sues under the DTPA claiming that State farm violated Chapter 541 of the Texas Insurance Code. ECF No. 9 at 4. She alleges State Farm "engaged in certain false, misleading and deceptive acts, practices and/or omissions." ECF No. 9 at 4. State Farm argues there is no DTPA claim and no claim under Chapter 541 because McCormick does not establish she has an injury independent from her breach of contract claim. ECF No. 19 at 12. "Although a breach of contract finding is not a prerequisite to recovery for a statutory violation that 'caused' the insured's damages, the 'general rule' is that 'an insured cannot recover policy benefits as actual damages for an insurer's statutory violation if the insured has no right to those benefits under the

policy." *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 134 (Tex. 2019). "[I]f an insurer's statutory violation causes an injury independent of the insured's right to recover policy benefits, the insured may recover damages for that injury." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 499 (Tex. 2018).

Here, McCormick claims that State Farm's denial of coverage violated Chapter 541 of the Texas Insurance Code and therefore also violates the DTPA. ECF No. 9 at 4. But in response, McCormick provides no evidentiary basis that she suffered an injury independent from her breach of contract claim. Instead, she merely asserts her DTPA claim as an additional theory to recover damages for State Farm's denial of the benefits of her policy. *See id.* Accordingly, the Court should grant summary judgment and dismiss her DTPA claim under Chapter 541 of the Texas Insurance Code because McCormick does not provide evidence that she suffered an injury independent of her breach of contract claim because of State Farm's alleged statutory violations.

**B.    McCormick does not state a claim under Chapter 542 of the Texas Insurance Code.**

The Texas Insurance Code imposes several key requirements on insurers in section 542. *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 812-13 (Tex. 2019). First, the insurer must acknowledge receipt of the claim, begin an investigation of the claim, and request any items, statements, or forms required from the claimant within fifteen days of its receipt of notice of the claim. Tex. Ins. Code §§ 542.055(a)(1)-(3). Second, the insurer must notify the claimant if it accepts or rejects the claim no later than fifteen business days after it receives all items, statements, and forms required to secure final proof of loss. *Id.* at § 542.056(a). Third, if the insurer notifies the insured that it will pay all or part of the claim, it must pay the amount by the fifth business day after the date of notice of acceptance of the claim. *Id.* at § 542.057(a). Fourth, if the insurer delays payment of a claim for more than the applicable statutory period or sixty days,

the insurer must pay damages. *Id.* at § 542.058(a). And fifth, an insurer that is liable for a claim under an insurance policy and violates a provision of the Insurance Code is liable for damages of 18% interest on the amount of the claim per year, plus attorney fees. *Id.* at § 542.060(a).

McCormick alleges that State Farm unfairly delayed and did not accept or deny the claim within the fifteen-day deadline of her claim. However, the record shows that State Farm made timely first contact with McCormick eleven days after she filed her claim on September 18, 2022. ECF No. 19 at 7. State Farm's final inspection of the home took place on January 24, 2023, and State Farm provided its coverage decision to McCormick on February 3, 2023. *Id.*

State Farm acknowledged receipt of the claim and commenced investigation of the claim within fifteen days. *See id.* (stating State Farm made first contact nine days after McCormick reported the claim). State Farm's decision came no later than fifteen business days after it received all items, statements, and forms required to secure final proof of loss. *See id.* (stating State Farm provided its coverage decision ten days after the final inspection of McCormick's home was completed). Because State Farm did not agree to pay any of the claim, the other three components of Insurance Code § 542.055 do not apply. Accordingly, State Farm has shown that it is entitled summary judgment on McCormick's claim under the Texas Insurance Code Section 542, and the Court should dismiss that.

### C.    A fact issue exists as to McCormick's breach of contract claim.

Courts applying Texas law analyze insurance coverage disputes under Texas' "insurance coverage burden-shifting framework." *Buchholz v. Crestbrook Ins. Co.*, 65 F.4th 766, 769-70, 773 (5th Cir. 2023). First, "the insured has the burden . . . to prove that [her] loss falls within the terms of the contract." *Id.* (citing *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010)). "Once the insured demonstrates this, the burden shifts to the insurer,

who, to avoid liability, must show that the loss falls into an exclusion to the policy's coverage." *Id.* (first citing *Gilbert Tex. Constr., L.P.*, 327 S.W.3d at 124; and then citing Tex. Ins. Code. § 554.002). "Finally, '[i]f the insurer proves that an exclusion applies, the burden shifts back to the insured to show that an exception to the exclusion brings the claim back within coverage.'" *Id.* (citing *Gilbert Tex. Constr., L.P.*, 327 S.W.3d at 124).

Texas follows the concurrent-causation doctrine. *See Travelers Indem. Co. v. McKillip*, 469 S.W.2d 160, 162-63 (Tex. 1971). Under this doctrine, "when [events] excluded [by an insurance policy] and [events] covered [by an insurance policy] combine to cause a loss and the two causes cannot be separated . . . the insurer has no duty to provide the requested coverage." *Methodist Hosps. of Dall. v. Affiliated FM Ins. Co.*, 521 F. Supp. 3d 633, 639 (N.D. Tex. 2021) (citing *JAW The Pointe, L.L.C. v. Lexington Ins. Co.*, 460 S.W.3d 597, 608 (Tex. 2015)). An "insured [party] is entitled to recover only that portion of the damage caused solely by the covered peril(s)." *Wallis v. United Servs. Auto. Ass'n*, 2 S.W.3d 300, 304 (Tex. App.—San Antonio 1999, pet. denied). "[O]nce testimony of concurrent causes has been offered into the record, the insured has the burden of allocating the damages among the various causes." *Nat'l Union Fire Ins. of Pittsburgh, Pa. v. Puget Plastics Corp.*, 735 F. Supp. 2d 650, 669 n.23 (S.D. Tex. 2010) (examining *Wallis*, 2 S.W.3d at 300-03). This means "segregating out covered and non-covered damages." *Great Am. Ins. Co. v. Emps. Mut. Cas. Co.*, 18 F.4th 486, 492 (5th Cir. 2021).

To be sure, an allocation of loss need not be made with "mathematical precision." *Tri Invs., Inc. v. United Fire & Cas. Co.*, 553 F. Supp. 3d 400, 406 (S.D. Tex. 2020) (citing *Wallis*, 2 S.W.3d at 304). But the burdened party still must produce some evidence to "afford a reasonable basis for estimating the amount of damage or the proportionate part of damage caused by a risk covered by the insurance policy." *One Way Invs., Inc. v. Century Sur. Co.*, No. 3:14-cv-2839-D, 2016 WL

9

5122124, at *2 (N.D. Tex. Sept. 21, 2016) (quoting *McKillip*, 469 S.W.2d at 163); *Fiess v. State Farm Lloyds*, 392 F.3d 802, 808 n.24 (5th Cir. 2004). A coverage-seeking party's "failure to allocate covered and non-covered damages is fatal to recovery." *Great Am. Ins. Co.*, 18 F.4th at 492.

McCormick contends that the storm damaged her roof and caused her ceiling to collapse. ECF No. 9 at 2. She states that when she returned home from vacation, her home had suffered severe damage from the storm. *Id.* State Farm argues that the concurrent causation doctrine applies because McCormick's roof was damaged both by covered and excluded perils, and summary judgment is proper because McCormick has not met her burden of allocating the damages among the various causes and does not establish that a covered loss caused the damage. ECF No. 19 at 10-11 (citing *Nat'l Union Fire Ins. of Pittsburgh, Pa.*, 735 F. Supp. 2d at n.23).

"[A]n [] insurer moving for summary judgment must either (1) show that the insured has no evidence of a physical loss during the policy period or (2) *conclusively establish* that an exclusion applies." *Shockman v. State Farm Lloyds*, No. 4:22-cv-02030, 2025 WL 2774122, at *4 (S.D. Tex. Sept. 26, 2025) (emphasis added). The responding insured must first "provide evidence showing a genuine issue of material fact about whether a loss occurred." *Id.* Second, and "only if the insurer has proved through its evidence that an exclusion applies," the insured must "designate specific facts showing that there is a genuine issue for trial" on the exclusion or whether an exception applies." *Id.*

"[T]he insurer bears the burden of proving the applicability of any exclusions in the policy." *Guar. Nat. Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192, 193 (5th Cir. 1998).

> Prior to September 1, 1991, an insurer claiming that the loss was excluded by the policy only needed to plead the applicability of the exclusion. Plaintiffs then had the burden to negate that exclusion. However, as of September 1, 1991, insurers are now required to both plead and *prove* the applicability of an exclusion. As article

10

> 21.58(b) of the insurance code states: "In any suit to recover under a contract of insurance, the insurer has the burden of proof as to any avoidance or affirmative defense that must be affirmatively pleaded under the Texas Rules of Civil Procedure. Any language of exclusion in the policy and any exception to coverage claimed by the insurer constitutes an avoidance or an affirmative defense."

*Telepak v. United Services Auto. Ass'n*, 887 S.W.2d 506, 507 (Tex. App.—San Antonio 1994, writ denied) (emphasis added) (cleaned up).

McCormick offers testimony and restoration estimates that show her home was damaged by significant water intrusion. *See* ECF No. 22-1. Viewing the evidence in the light most favorable to McCormick and drawing all reasonable inferences in her favor, McCormick meets her initial burden to bring forward evidence showing a genuine issue of material fact exists as to whether a covered loss occurred.

In response, State Farm neither shows that McCormick has no evidence of a physical loss during the policy period or "conclusively establish[es]" that a policy exclusion such as deterioration applies. *Shockman*, 2025 WL 2774122, at *4. State Farm argues the concurrent causation doctrine should apply solely based on an estimate that found damages "appeared to be long term in nature." ECF No. 19 at 7. State Farm made the same claim in its letter to McCormick denying coverage, which stated "it was determined your roof was not damaged by wind but the results of wear, tear, [and] deterioration." *See* ECF No. 20-4 at 1. "The inspection of your kitchen and bathroom revealed rot and mold from damages that occurred over a period of time." *Id.* State Farm claims this assessment was "[b]ased upon the results of our discussions, site inspection, and investigation." *Id.*

However, State Farm provides no evidence to support these conclusory statements. These conclusions are insufficient "testimony of concurrent causes [] offered into the record" to shift the burden of going forward back to McCormick. *See Nat'l Union Fire Ins. of Pittsburgh, Pa.*, 735 F. Supp. 2d at n.23 (citing *State Farm Lloyds v. Kaip*, No. 05–99–01363–cv, 2001 WL 670497 (Tex.

11

App.—Dallas, June 15, 2001, *pet. denied*) (applying the doctrine of concurrent causation when at trial, expert testimony introduced the possibility that roof damage was caused by excluded perils.)). And State Farm's conclusory statements do not establish an entitlement to summary judgment "through [] evidence," that an exclusion applies. *Shockman*, 2025 WL 2774122, at *4. Drawing all inferences in favor of McCormick, summary judgment is not appropriate on her breach of contract claim because State Farm has not met its burden to show through summary judgment evidence that an exclusion to the policy applies.

State Farm also refers to a previous claim it approved to replace the roof and insinuates that McCormick has not provided estimates, proof of payment of the prior damages, or evidence that the roof was ever repaired or replaced before the claimed loss at issue. ECF No. 19 at 7. This speculation does not satisfy State Farm's burden to show that the concurrent causation doctrine should apply, and State Farm does not explain further. Because a genuine material issue of fact exists for trial, the Court should deny the motion for summary judgment as to the breach of contract claim. Fed. R. Civ. P. 56; *Duckett*, 950 F.2d at 276.

### D.    State Farms' other arguments are unavailing.

State Farm argues that the Court should dismiss McCormick's claim for the breach of the duty of good faith and fair dealing because there was a bona fide dispute regarding coverage and McCormick has no evidence of an independent injury. However, McCormick's First Amended Complaint (ECF No. 9) does not contain a claim for breach of the common law duty of good faith. Therefore, the Court need not analyze this argument.

State Farm also claims it is entitled to judgment as a matter of law because McCormick does not provide damages calculations as Federal Rule of Civil Procedure 26 requires. ECF No. 19 at 9, 12. While McCormick, proceeding *pro se*, did not provide an exact damages computation

when she filed her case, in her Response to the Motion she provided several estimates detailing the costs to repair the damages to her home. *See* ECF No. 22-1 at 35-48.

Federal Rule of 37(e) requires supplementation "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). State Farm stated in its Motion that McCormick's initial disclosures regarding damages were incomplete. ECF No. 9 at 9. McCormick, in a timely manner, provided information regarding the damages she suffered in her Response to State Farm's Motion. ECF No. 22-1. Noting that McCormick is proceeding *pro se* and that she timely provided the information that her initial disclosures lacked, the Court concludes that State Farm is not entitled to summary judgment on that basis.

Finally, State Farm argues McCormick did not comply with the policy's duties after loss, and State Farm was prejudiced. ECF No. 19 at 9. However, State Farm does not explain which duties McCormick did not comply with, how she did not comply, or how her actions prejudiced State Farm. Accordingly, summary judgment is not appropriate on this basis, either. The Court should deny State Farm's Motion (ECF No. 19) on that issue.

## IV.    CONCLUSION

State Farm shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law on McCormick's DTPA and Insurance Code Chapter 542 claims. McCormick does not show that the entry of summary judgment would be improper for either of these claims. However, State Farm does not meet its summary judgment burden on McCormick's breach of contract claim. Therefore, the undersigned **RECOMMENDS** that Chief Judge O'Connor **GRANT** in part State Farm's Motion for Summary Judgment (ECF No. 18) and dismiss McCormick's DTPA claim and claim under Chapter 542 of the Texas Insurance Code.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on April 30, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE